# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-61692-CIV-GAYLES

GWYNNTH QUINCE,

    Plaintiff,

v.

BROWARD COUNTY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Broward County's Motion to Dismiss with Prejudice Counts III, IV, and V of the Amended Complaint (the "Motion") [ECF No. 17]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion shall be granted in part.

## BACKGROUND[1]

Plaintiff Gwynnth Quince worked for Defendant Broward County (the "County") for twenty-nine years, including eleven years as a library aide. Am. Compl. ¶ 1, ECF No. 15. Plaintiff has a degenerative optical disability, is visually impaired, and has Multiple Sclerosis. *Id.* ¶ 2. During her career as a library aide, the County provided Plaintiff with screen reader assistive software and a larger computer screen to aid Plaintiff in completing her duties. *Id.* ¶ 41. However, the screen reader was outdated, and Plaintiff had to train herself on how to properly use it. *Id.* ¶ 42-43. At some point prior to her termination, Plaintiff informed her supervisors that her screen reader was not compatible with the County's testing and evaluation program (the "TE Program").[2] *Id.* ¶ 46.

---

1 Because the Court is proceeding on a motion to dismiss, it takes Plaintiff's allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

2 The County used the TE Program to place qualified disabled employees in positions that matched their abilities. Am. Compl. ¶ 48. The TE program is completed on a computer. *Id.* ¶ 56.

On April 30, 2013, the County provided Plaintiff with a memorandum listing her essential job responsibilities (the "April Memo"). *Id.* ¶ 44. The April Memo did not identify any physical activities, equipment use, or working conditions as essential job responsibilities for Plaintiff. *Id.* ¶ 45. On September 24, 2013, the County presented Plaintiff with a new list of essential job functions (the "September Memo"). *Id.* ¶ 50. The September Memo required Plaintiff to be able to perform physical tasks, use mandatory equipment, and function in certain working conditions. *Id.* ¶ 52. Plaintiff was unable to abide by the updated list because of her disabilities. *Id.* ¶ 53.

At the County's insistence, Plaintiff attempted to access the TE Program to seek an alternative position. *Id.* ¶ 56. Plaintiff, however, was unable to effectively use the TE Program because it was not fully accessible to visually disabled people. *Id.* ¶ 57. Plaintiff informed the County about her difficulty in accessing the TE Program but was not provided any other reasonable accommodation. *Id.* ¶ 58.

One of Plaintiff's duties was to answer telephones in the library where she worked. *Id.* ¶ 64. In January 2014, Plaintiff's supervisors moved the telephones to new locations. *Id.* ¶ 63. Due to her disability, Plaintiff was unable to access the telephones in their new locations. *Id.* ¶ 64. Despite Plaintiff's request for an accommodation, the telephones were not moved back to their original locations. *Id.* ¶ 65.

On April 8, 2014, the County sent a memorandum to the Library Division stating that Plaintiff was not a "qualified individual" under the Americans with Disabilities Act ("ADA"). *Id.* ¶ 66. The County also informed Plaintiff that she had 45 days to seek an alternative position. *Id.* On September 10, 2014, the County told Plaintiff she was going to be fired. *Id.* ¶ 69. Plaintiff's supervisor told Plaintiff that she could continue to work until the County prepared her formal termination letter. *Id.* ¶ 71.

On October 7, 2014, while walking through the library, Plaintiff tripped and fell over a stepladder and suffered injuries. *Id.* ¶ 74. Two days later, on October 9, 2014, the County officially terminated Plaintiff. *Id.* ¶ 68.

On January 30, 2015, Plaintiff, without the assistance of counsel, filed a charge of discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission (the "EEOC"). *See* Am. Compl. Ex. A. In her Charge, Plaintiff stated that (1) she "ha[d] been reasonably accommodated since the beginning of [her] employment;" (2) on October 3, 2014, the County informed her that it would no longer attempt to accommodate her; and (3) she was discharged on October 9, 2014. *Id.* Plaintiff listed the "earliest" and "latest" date the discrimination took place as October 7, 2014. Plaintiff marked the box for disability discrimination but did not mark the box for retaliation.

On July 9, 2019, Plaintiff brought this action against the Broward County Board of County Commissioners. The County moved to dismiss, in part because Plaintiff had sued the wrong party. Plaintiff amended her Complaint and alleged claims against the County under the ADA for failure to accommodate (Count I), unlawful termination (Count II), interference (Count III), and retaliation (Count IV). Plaintiff also alleged a claim for workers' compensation retaliation under Florida Statute § 440.205 (Count V).

The County now moves to dismiss Plaintiff's claims for ADA interference and retaliation arguing Plaintiff failed to exhaust her administrative remedies for those claims. The County also moves to dismiss Plaintiff's claim for workers' compensation retaliation as time-barred.

**ANALYSIS**

**Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant-unlawfully-harmed-me accusations." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

**I.    Exhaustion**

Prior to filing a civil action under the ADA, a plaintiff first must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018). A plaintiff's post-charge employment discrimination complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir.

2004) (internal quotation and citation omitted). The scope of a charge of discrimination "should not be strictly interpreted" and claims that "amplify, clarify, or more clearly focus" the allegations in a charge of discrimination are considered exhausted even if not explicitly stated. *Id.* However, allegations of "new acts of discrimination are inappropriate" for a post-charge judicial complaint. *Id.* at 1279-80.

In her Charge, Plaintiff stated that she was discriminated against due to her disability. Plaintiff also stated that although the County had accommodated her "since the beginning[] of her employment," she was told on October 3, 2014, that the County would make no further attempts to accommodate her. In her Amended Complaint, Plaintiff alleges that she voiced opposition to the County's failure to adequately accommodate her in completing the TE Program and in relocating the telephones in the library. Plaintiff's opposition to the County's purported failure to accommodate her is intertwined with her claims that she was terminated because of her disability.[3] Indeed, "[t]o determine whether a plaintiff has exhausted her administrative remedies . . . the 'proper inquiry' is whether the '[plaintiff's] complaint [is] like or related to, or grew out of, the allegations contained in [the] EEOC charge.'" *Batson*, 897 F.3d at 1328 (quoting *Gregory*, 355 F.3d at 1280). Plaintiff's claims for interference and retaliation clearly grew out of the allegations in her Charge that the County had stopped accommodating her and had terminated her because of her disability. *See Gregory*, 355 F.3d at 1280 (holding that "[t]he facts alleged in [plaintiff's] EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination."); *Batson*, 897 F.3d at 1328 (holding that a plaintiff could proceed on an ADA retaliation claim despite having failed to mark the

---

3 The Court notes that the both the Charge and Amended Complaint are not entirely clear as to when and whether the County stopped offering reasonable accommodations. These factual issues are best resolved following discovery and do not alter the Court's finding that Plaintiff's interference and retaliation claims are intertwined with her failure to accommodate and discrimination based on disability claims.

retaliation box where the charge was prepared without the assistance of counsel and the retaliation claim was "inextricably linked" to her failure to accommodate claim). Accordingly, the Court finds that Plaintiff has exhausted her claims for interference and retaliation, and the Motion is denied as to Counts III and IV.

## II. Statute of Limitations

Plaintiff also brings a claim for worker's compensation retaliation in violation of Florida Statute § 440.205. Claims under this statute must be brought within four years of the allegedly retaliatory discharge. *See Scott v. Otis Elevator Co.*, 524 So. 2d 642, 643 (Fla. 1988). Plaintiff does not dispute that the four-year limitations period ran on her workers' compensation retaliation claim nearly a year prior to filing this action. However, Plaintiff argues that the statute of limitations should be equitably tolled. The Court disagrees. Aside from her conclusory statement that "circumstances that were both beyond Plaintiff's control and unavoidable even with diligence" prevented her from timely filing her claim, Am. Compl. ¶ 121, Plaintiff fails to allege any specific basis that would justify tolling the statute of limitations. Accordingly, Count V shall be dismissed as time-barred.

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Broward County's Motion to Dismiss with Prejudice Counts III, IV, and V of the Amended Complaint [ECF No. 17] is GRANTED in part. Count V shall be dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE